Ronald G. Vlach, appellant, v.
Rhonda K. Vlach, appellee.
___ N.W.2d ___

Filed February 24, 2015.    No. A-14-076.

1.  **Jurisdiction: Appeal and Error.** An appellate court determines jurisdictional
    questions that do not involve a factual dispute as a matter of law.
2.  **Declaratory Judgments.** An action for declaratory judgment is sui generis;
    whether such action is to be treated as one at law or one in equity is to be deter-
    mined by the nature of the dispute.
3.  **Jurisdiction: Appeal and Error.** When a lower court lacks the authority to exer-
    cise its subject matter jurisdiction to adjudicate the merits of the claim, issue, or
    question, an appellate court also lacks the power to determine the merits of the
    claim, issue, or question presented to the lower court.

Appeal from the District Court for Dodge County: Geoffrey
C. Hall, Judge. Appeal dismissed.

Donald D. Schneider, of Don Schneider Law Office, for
appellant.

Susan A. Anderson and Philip J. Kosloske, of Anderson &
Bressman Law Firm, P.C., L.L.O., for appellee.

Moore, Chief Judge, and Inbody and Pirtle, Judges.

Pirtle, Judge.

## INTRODUCTION

Ronald G. Vlach appeals the order of the district court for
Dodge County wherein the court denied his motion for leave
to file an amended complaint seeking to amend his original
declaratory judgment action into a dissolution of marriage
action. The court found that all of the issues in the declaratory
judgment action had been fully litigated and that the case was
concluded. Thus, the court found it did not have jurisdiction
over the dissolution of the parties' marriage. Having found the
district court properly concluded it did not have jurisdiction in
that matter, we consequently find we do not have jurisdiction
to consider this appeal on the merits. For the reasons that fol-
low, we dismiss Ronald's appeal.

## BACKGROUND

On April 6, 2012, Ronald filed a declaratory judgment action in the district court for Dodge County pursuant to Neb. Rev. Stat. § 25-21,149 et seq. (Reissue 2008). Ronald sought a declaration that no marriage existed between himself and the appellee, Rhonda K. Vlach. He asserted the parties' certificate of marriage was not filed as required by statute after their marriage ceremony in October 1985.

Ronald filed a motion for summary judgment on May 18, 2012. A hearing on the motion was held on June 4, and on August 3, the district court for Dodge County overruled Ronald's motion for summary judgment. Ronald appealed that order of the district court to the Nebraska Supreme Court.

While Ronald's motion for summary judgment was pending, on June 14, 2012, Rhonda filed a complaint for dissolution of marriage in the district court for Saunders County. Rhonda stated that there was an action pending in Dodge County wherein Ronald sought a declaration that the marriage of the parties was void.

On June 21, 2013, the Supreme Court rendered its opinion regarding the declaratory judgment action in *Vlach v. Vlach*, 286 Neb. 141, 835 N.W.2d 72 (2013). The Supreme Court held that the declaratory judgment action was filed for the determination of the marital status of the parties and that the parties were legally married. *Id*.

The judgment on the Supreme Court's mandate was entered by the district court for Dodge County on September 20, 2013, and on the same day, Ronald filed a motion for leave to file an amended complaint. The motion stated that the Supreme Court answered the preliminary question as to whether the parties were legally married. The proposed amended complaint set forth the elements for a dissolution of the marriage and requested that a division of the property and debts of the parties be resolved.

On January 24, 2014, the district court for Dodge County denied Ronald's motion for leave to file the amended complaint, and Ronald timely appealed.

## ASSIGNMENTS OF ERROR

Ronald's assignments of error, consolidated and restated, are as follows: (1) The district court erred in denying his motion for leave to file an amended complaint for dissolution of marriage, (2) the district court erred in finding the action was a declaratory judgment action solely to determine whether or not the marriage was valid, and (3) the district court for Dodge County erred in finding it did not have jurisdiction over the dissolution of the parties' marriage and in finding the district court for Saunders County properly had jurisdiction over the matter. He also asserts the district court erred in receiving an exhibit over his objection.

## STANDARD OF REVIEW

[1] An appellate court determines jurisdictional questions that do not involve a factual dispute as a matter of law. *Carney v. Miller*, 287 Neb. 400, 842 N.W.2d 782 (2014).

## ANALYSIS

Ronald's original complaint, filed in the district court for Dodge County, contained only one cause of action for a declaratory judgment. A declaratory judgment action seeks to declare the rights, status, or other legal relations between the parties. § 25-21,149. Ronald sought a determination whether the parties were legally married, and the district court found Ronald and Rhonda were legally married. Ronald appealed the district court's order to the Nebraska Supreme Court.

[2] In *Vlach v. Vlach*, 286 Neb. 141, 835 N.W.2d 72 (2013), the Nebraska Supreme Court stated that in this particular case, the nature of the declaratory judgment action was the determination of the marital status of the parties. The Supreme Court stated, "An action for declaratory judgment is sui generis; whether such action is to be treated as one at law or one in equity is to be determined by the nature of the dispute." *Id*. at 149, 835 N.W.2d at 78. Accord *American Amusements Co. v. Nebraska Dept. of Rev.*, 282 Neb. 908, 807 N.W.2d 492 (2011). The Supreme Court, applying principles of law, determined the district court correctly decided the merits of the declaratory judgment action.

After the Supreme Court's decision, Ronald filed a motion seeking to amend his complaint from a declaratory judgment action, to instead seek a dissolution of the marriage. He asserts that the issue considered by the Supreme Court was "the preliminary issue in this case."

The district court denied Ronald's motion for leave to file an amended complaint, finding that "all issues related to [his] declaratory action have been fully litigated, decided, and are concluded." The district court for Dodge County found it had no jurisdiction over the dissolution of marriage action, because Rhonda had filed a dissolution action in the district court for Saunders County and that matter was still pending. On appeal, Ronald asserts the district court for Dodge County erred in denying his motion to amend.

The appeal in this case is from the order denying Ronald's motion to file an amended complaint. The action he is attempting to amend has already been adjudicated on the merits, the order was affirmed on appeal, and there has been a judgment entered on the mandate in the trial court. As a result, there was, and is, nothing pending before the district court for Dodge County in that case. We find the declaratory judgment action determining the marital status of the parties was a separate and distinct action from any action for the dissolution of the parties' marriage. As there was no pending action in the district court which could be a proper subject of an amended complaint, the district court properly concluded that it lacked jurisdiction to allow Ronald to amend his complaint.

[3] When a lower court lacks the authority to exercise its subject matter jurisdiction to adjudicate the merits of the claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court. *McClellan v. Board of Equal. of Douglas Cty.*, 275 Neb. 581, 748 N.W.2d 66 (2008). Having found that the district court lacked jurisdiction to allow a complaint to be amended in a case that had been fully litigated, we find we also lack jurisdiction to consider the merits of Ronald's claim on appeal.

## CONCLUSION

We find that after the Nebraska Supreme Court issued its mandate on the declaratory judgment action, there was no pending action in the district court which could be amended. The district court correctly concluded that it lacked jurisdiction, and it follows that this court also lacks jurisdiction on appeal.

Appeal dismissed.

---

In re Interest of Ethan M., a child under 18 years of age.
State of Nebraska, appellee, v.
Daniel M., appellant.
___ N.W.2d ___

Filed February 24, 2015.     No. A-14-358.

1. **Juvenile Courts: Judgments: Appeal and Error.** Cases arising under the Nebraska Juvenile Code are reviewed de novo on the record, and an appellate court is required to reach a conclusion independent of the trial court's findings. However, when the evidence is in conflict, the appellate court will consider and give weight to the fact that the lower court observed the witnesses and accepted one version of the facts over the other.

2. **Juvenile Courts: Jurisdiction.** Neb. Rev. Stat. § 43-247 (Supp. 2013) provides that the juvenile court's jurisdiction over any individual adjudged to be within the provisions of the juvenile code shall continue until the individual reaches the age of majority or the court otherwise discharges the individual from its jurisdiction.

3. **Juvenile Courts: Minors.** The purpose of the juvenile code is to assure the rights of all juveniles to care and protection and a safe and stable living environment and to development of their capacities for a healthy personality, physical well-being, and useful citizenship to protect the public interest.

4. ____: ____. The Nebraska Juvenile Code must be liberally construed to accomplish its purpose of serving the best interests of juveniles who fall within it.

5. ____: ____. The juvenile court has broad discretion as to the disposition of those who fall within its jurisdiction.

6. **Courts: Juvenile Courts: Jurisdiction: Minors.** Both a civil court and a juvenile court may be concerned on a primary basis with the welfare of the child, but, while their functions overlap, the basis of their jurisdiction and the scope of their powers differ.

7. **Juvenile Courts: Jurisdiction: Interventions: Parent and Child.** The juvenile court can appropriately intervene between the parents and the child only if the